# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ULISSES ORTIZ,**

               **Plaintiff,**

**v.**                                             **Case No:   6:15-cv-127-Orl-40GJK**

**TEKSYSTEMS MANAGEMENT, INC.
and ADT, LLC,**

               **Defendants.**

---

## REPORT AND RECOMMENDATION

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE (Doc. No. 56)** |
| **FILED:** | **November 17, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    <u>BACKGROUND.</u>

       On January 27, 2015, Ulisses Ortiz instituted this action against Defendants.   Doc. No. 1. On March 13, 2015, Mr. Ortiz, on behalf of himself and others similarly situated, filed an amended collective action complaint (the "Complaint") against Defendants alleging violation of the overtime wage provision of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207.   Doc. No. 19.   Juan Barrera-Villada, Gary Bassett, Brad Denis, Lakeith Horton, Andrew Brown, Effrem Montanari, Ronald Jackson, Jr., and Nilson Hernandez have joined this action as opt-in plaintiffs.

Doc. Nos. 2; 42; 43.   The named plaintiff and opt-in plaintiffs will hereinafter be referred to as the "Plaintiffs".   Plaintiffs are former installation technicians for Defendants.   Doc. No. 56 at 2. On April 24, 2015, Defendants filed an answer denying Plaintiffs' claims and asserting numerous affirmative defenses.   Doc. No. 30.

On November 17, 2015, the parties filed a Renewed Joint Motion to Approve Settlement Agreement and to Dismiss Plaintiff's Complaint with Prejudice (the "Motion").   Doc. No. 56.[1] Instead of entering into a joint settlement agreement, each plaintiff has entered into a separate settlement agreement with Defendants.   Doc. No. 56-1.   The parties have attached each settlement agreement to the Motion (collectively, the "Agreements").   *Id.*   The parties request the Court approve their Agreements and dismiss the case with prejudice.   Doc. No. 56 at 8.

## II.   APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.   First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . ..   The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.   When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53.   Thus, unless the parties have the Secretary of Labor supervise the payment of

---

[1] On October 27, 2015, the undersigned denied the parties original joint motion seeking approval of their form settlement agreement.   Doc. No. 55.

unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable.   *Id.*; *see also Sammons v. Sonic-North Cadillac, Inc.*, Case No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by the Secretary of Labor).   Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute.   *Lynn's Food Stores*, 679 F.2d at 1354-55.   If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement.   *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

1.   the existence of collusion behind the settlement;
2.   the complexity, expense, and likely duration of the litigation;
3.   the stage of the proceedings and the amount of discovery completed;
4.   the probability of plaintiff's success on the merits;
5.   the range of possible recovery; and
6.   the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair.   *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

agreements.  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J.*

*Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of

the contingent fee agreement; for it may well be that Congress intended that an employee's

recovery should be net[.]")).   In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish
> Zidell's compensation if Silva prevailed on the FLSA claim is of
> little moment in the context of FLSA.   FLSA requires judicial
> review of the reasonableness of counsel's legal fees to assure both
> that counsel is compensated adequately and that no conflict of
> interest taints the amount the wronged employee recovers under a
> settlement agreement.   FLSA provides for reasonable attorney's
> fees; the parties cannot contract in derogation of FLSA's provisions.
> *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be
> abridged by contract or otherwise waived.") (quotation and citation
> omitted).   To turn a blind eye to an agreed upon contingency fee in
> an amount greater than the amount determined to be reasonable after
> judicial scrutiny runs counter to FLSA's provisions for
> compensating the wronged employee.   *See United Slate, Tile &
> Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d
> 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is
> to be conducted by the district court regardless of any contract
> between plaintiff and plaintiff's counsel"); *see also Zegers v.
> Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla.
> 2008).

*Id.* at 351-52.[3]   In order for the Court to determine whether the proposed settlement is reasonable,

counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be

compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between

the plaintiff and his or her counsel, or otherwise.   *Id.*   When a plaintiff receives less than a full

recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee

improperly detracts from the plaintiff's recovery.[4]   Thus, a potential conflict can arise between

---

[3]  In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."   11th Cir. R. 36-2.

[4]  From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel.   Where a plaintiff is receiving less than full compensation, payment of

counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[5]   It is the Court's responsibility to ensure that any such allocation is reasonable.   *See Silva*, 307 F. App'x at 351-52.   In doing so, the Court uses the lodestar method for guidance.   *See Comstock v. Fla. Metal Recycling, LLC*, 2009 WL 1586604, at *2 (S.D. Fla. June 5, 2009).   As the Court interprets the *Lynn's Food* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide.   In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorney fees and costs was set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009).   In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Bonetti*, 715 F. Supp. 2d at 1228 (emphasis added).   Judge Presnell maintained that if the matter of attorney fees "[is] addressed independently and seriatim, there is no reason to assume that the

---

fees necessarily reduces the plaintiff's potential recovery.

[5] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id*.   The undersigned finds this reasoning persuasive.

## III.   ANALYSIS.

### A.  Settlement Amount.

This case involves disputed issues of liability under the FLSA, which constitutes a bona fide dispute.   Doc. Nos. 19; 30; 56 at 4.   The parties are represented by independent counsel who are obligated to vigorously represent their clients.   Doc. Nos. 19; 30; 56 at 5.   Initially, Plaintiffs claimed they were entitled to recover the following amounts for unpaid overtime and liquidated damages:

| Plaintiffs | Unpaid Overtime Wages | Liquidated Damages | Total |
|---|---|---|---|
| Ulisses Ortiz | $2,593.07 | $2,593.07 | $5,186.14 |
| Juan Barrera-Villada | $1,922.86 | $1,922.86 | $3,845.72 |
| Gary Bassett | $1,591.45 | $1,591.45 | $3,182.90 |
| Brad Denis | $2,448.25 | $2,448.25 | $4,896.50 |
| Lakeith Horton | $2,627.77 | $2,627.77 | $5,255.54 |
| Effrem Montanari | $2,985.73 | $2,985.73 | $5,971.46 |
| Andrew Brown | $1,503.19 | $1,503.19 | $3,006.38 |
| Ronald Jackson, Jr. | $1,823.80 | $1,823.80 | $3,647.60 |
| Nilson Hernandez | $1,240.47 | $1,240.47 | $2,480.94 |
| | Total: | | $37,473.18 |

Doc. No. 56 at 3.   After negotiations, the parties agreed to settle the case for two (2) primary reasons.   *Id*. at 4-6.   First, the parties agreed to settle due to the challenges, risks and uncertainty associated with continued litigation, including: 1) the fact a class has not been conditionally certified; 2) difficulties in proving various facts due to the passage of time since Plaintiffs worked for Defendants; and 3) difficulties in proving various facts due to the differences in the tasks each plaintiff performed and the credit they received for performing their respective tasks.   *Id*. Second, the parties agreed to settle to avoid the additional and significant time commitments and costs associated with continued litigation of this case.   *Id*.

Under the Agreements, Plaintiffs, in exchange for releasing all claims they "may have against Defendants under the FLSA and Florida's wage payment laws, Fla. Stat. §§ 448.01 through 448.110," have agreed to accept a total settlement amount of $46,283.00, as set forth in the table below:

| Plaintiffs | Total Claimed Damages | Settlement Amount |
|---|---|---|
| Ulisses Ortiz | $5,186.14 | $4,121.86 |
| Juan Barrera-Villada | $3,845.72 | $3,056.51 |
| Gary Bassett | $3,182.90 | $2,529.71 |
| Brad Denis | $4,896.50 | $3,891.65 |
| Lakeith Horton | $5,255.54 | $4,177.01 |
| Effrem Montanari | $5,971.46 | $4,746.01 |
| Andrew Brown | $3,006.38 | $2,389.41 |
| Ronald Jackson, Jr. | $3,647.60 | $2,899.04 |
| Nilson Hernandez | $2,480.94 | $1,971.81 |
|  | Subtotal: | $29,783.01 |
| Attorney's Fees and Costs |  | $16,500.00 |
|  | Total: | $46,283.01 |

Doc. Nos. 56 at 3; 56-1 at 2, 13, 24, 35, 46, 57, 68, 79, 90.[6]   The settlement amount received by each plaintiff is approximately twenty percent (20%) less than the overall amount they originally claimed to be owed.   Doc. No. 56 at 3.   Plaintiffs agreed to this compromise because they discovered, contrary to the allegations in the Complaint, that they did receive credit for time spent in meetings, inventory checks, and waiting/driving in between customer appointments.   *Id.* at 3-4.   Upon review, the undersigned finds the parties' reasons for settling the case and the settlement amounts received by each plaintiff are reasonable.   Accordingly, it is **RECOMMENDED** the Court find Plaintiffs' compromise and the total settlement amount to be reasonable.

### B. Attorney's Fees and Costs.

Under the Agreements, Plaintiffs' counsel will receive a total of $16,500.00 in attorney's

---

[6] The above calculation of the total settlement amount resulted in a figure one cent greater than the total settlement amount represented in the Motion.   Doc. No. 56 at 2.   This penny difference is immaterial, and thus does not affect the reasonableness of the settlement.

fees and costs.   Doc. Nos. 56 at 4.   The parties represent they "negotiated attorneys' fees/costs separately from Plaintiffs' recovery."   Doc. No. 56 at 4.   Additionally, the parties represent Plaintiffs' counsel reduced its fees and costs in order to increase the total amount offered to Plaintiffs.   *Id.*   The settlements appear reasonable on their face, and the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed upon separately and without regard to the amount paid to Plaintiffs.   *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** the Court find the Agreements to be a fair and reasonable compromise of Plaintiffs' FLSA claims.

## IV.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1.  The Motion (Doc. No. 56) be **GRANTED** only to the extent that the Court finds the parties' settlement is fair and reasonable;

2.  The Court enter an order dismissing the case with prejudice; and

3.  Direct the Clerk to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.   **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on December 3, 2015.


GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy